**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Neuromechanical Innovations, LLC | ) | No. 09-CV-0680-PHX-PGR |
| Plaintiff, | ) | **SCHEDULING ORDER** |
| v. | ) | |
| Manna Omni International, Inc. | ) | |
| Defendant. | ) | |

On April 2, 2009, Neuromechanical Innovations, LLC (NMI) filed the instant lawsuit against Manna Omni International Inc. (Manna) alleging patent infringement of its U.S. Patent No. 7,144,417 (patent '417). Manna contends that its product does not infringe on NMI's patent and has little in common with the claims of the '417 patent. Manna maintains that prior to the lawsuit, NMI purchased one of Manna's products and could have easily ascertained that it lacked several critical and required elements for infringement. Therefore, Manna asserts that NMI's Complaint is frivolous and brought to harass, delay, and achieve improper competitive advantage. Thus, Manna is seeking to recover its attorney's fees, damages, and sanctions pursuant to 35 U.S.C. § 285. and Fed.R.Civ.P. 11. In its Answer, Manna counterclaims for declaratory judgment of noninfringement, further alleging that '417 is invalid and/or unenforceable.

On November 23, 2009, the Court held a Scheduling Conference at which time the parties maintained that they had made disclosures to each other and had been actively involved in settlement negotiations. The parties submitted to the Court that a proposed settlement agreement had recently been exchanged and that during the course of settlement

negotiations, the parties had in fact exchanged discovery. Based on the exchanges between the parties and the ongoing settlement negotiations, the Court finds that an extended period of discovery is both unnecessary and inefficient. The parties are reminded that the Court previously ordered the parties to conduct discovery immediately upon the commencement of the case. Accordingly,

IT IS HEREBY ORDERED that:

(1) Neuromechanical shall provide proposed claim construction for all terms for which it seeks construction, including all intrinsic and extrinsic evidence (including expert testimony) supporting its proposed construction no later than **Wednesday, December 30, 2009.**

(2) Manna shall provide responsive proposed claim construction for all terms identified by Neuromechanical, including all intrinsic and extrinsic evidence (including expert opinions on claim construction) supporting its proposed claim construction no later than **Wednesday, January 27, 2010.**

(3) Parties meet and confer regarding preparation of a Joint Claim Construction Chart and Hearing Statement no later than **Friday, February 5, 2010.** The chart shall identify: (a) all claim terms the parties seek to address at the claim construction hearing, (b) all intrinsic and extrinsic evidence previously identified by the parties to support their respective constructions. The hearing statement shall include <u>both parties' positions</u> regarding (a) the length of the claim construction hearing, and (b) whether either party will seek to call live witnesses at the hearing.

(4) Motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings, and motions to join additional parties shall be filed no later than **Wednesday, January 20, 2010.**

(5) The parties shall disclose their expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **Wednesday, January 27, 2010** The parties shall disclose their rebuttal experts' reports, if any, in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **Wednesday, February 3, 2010.**

1     (6)     Parties shall file their Joint Claim Construction Chart and Hearing Statement no later than **Wednesday, February 10, 2010.**

    (7)     The parties shall finish conducting discovery regarding **claim construction issues, including expert depositions related to claim construction issues as well as all fact and expert discovery on all claims and counterclaims**, including answers to interrogatories, no later than **Monday, March 1, 2010**, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

    (8)     Neuromechanical shall file opening claim construction brief no later than **Monday, March 8, 2010.**

    (9)     Manna shall file responsive claim construction brief no later than **Monday, March 22, 2010**.

    (10)     Neuromechanical shall file reply claim construction briefs no later than **Monday, March 29, 2010.**

    (11)     All dispositive motions shall be filed no later than **Wednesday, March 31, 2010.**

    (12)     The Court shall hold a <u>Markman</u> Claim Construction hearing commencing on **Tuesday, June 8, 2010, at 9:30 a.m.**

    (13)     A Joint Pretrial Statement shall be filed no later than **Tuesday, June 8, 2010, at 9:30 a.m.** If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later. The content of the Joint Pretrial Statement shall include, but not be limited to, that

1 prescribed in a standard form of Joint Pretrial Statement provided to the parties. The parties
2 shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial
3 disclosures as defined and required by Fed.R.Civ.P. 26(a)(3). It shall be the responsibility
4 of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the
5 plaintiff shall submit its draft of the Joint Pretrial Statement to the defendant no later than <u>ten
6 business days</u> prior to the date for filing the Joint Pretrial Statement.

(14) Motions in limine shall be filed no later than **the date of the filing of the Joint Pretrial Statement.** Responses to motions in limine are due ten business days after service. <u>No replies are permitted</u>. The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference. <u>No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter</u>.

(15) The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if <u>pro per</u>, shall appear and participate in a Pretrial Conference on **Monday, June 28, 2010, at 11:00 a.m.,** in Courtroom 601. Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.

(16) Directions for filing trial briefs, proposed findings of fact and conclusions of law or proposed jury instructions and voir dire questions, and for marking trial exhibits shall be set forth in a subsequent order by this Court.

(17) Unless subsequently ordered by the Court, the jury trial of this action shall commence on **Tuesday, July 13, 2010, at 9:00 a.m.**

(18) **The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of**

**a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

DATED this 2nd day of December, 2009.

_____
Paul G. Rosenblatt
United States District Judge